GULF, COLORADO & SANTA FE RAILWAY COMPANY v. W. S. LAMPKIN.

Decided February 3, 1909.

**1.—Evidence—Account Sales.**

In an action for damages to cattle in their shipment by rail an account of sales thereof, sent to plaintiff from his commission merchants but not shown by any testimony to be correct, was not admissible in proof of the amount for which the cattle sold.

**2.—Same—Error.**

Error in receiving an account of sales of live stock in proof of the price brought by them was not rendered harmless by the fact that plaintiff had testified to the same price as being their market value in the condition in which they arrived.   Being interested, his testimony could not be taken as conclusive.

Appeal from the County Court of Milam County.   Tried below before Hon. John Watson.

*Terry, Cavin & Mills* and *A. H. Culwell,* for appellant.

*Monta J. Moore* and *E. A. Camp,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a suit for damages growing out of a shipment of cattle and hogs from Cameron to Galveston, Texas.   There was a jury trial resulting in a verdict and judgment for the plaintiff, and the defendant has appealed.

We overrule all the assignments of error, except the eighth and ninth, which are sustained.   The two assignments referred to challenge the rulings of the trial court in permitting the plaintiff to testify that he had received from the commission house at Galveston to whom the stock was shipped $90 for ten head of cattle, part of the shipment involved in this suit; and in not striking from the account of sales, which was put in evidence, the item showing that nine head of cattle, not sold by weight, sold for $10 per head and for a total

amount of $90. The plaintiff was present in Galveston when the other animals were sold, and as to these, in connection with the testimony given by the plaintiff, we think the account of sales was admissible, though it was not proved up by any other witness. But, according to the plaintiff's own testimony, the nine head of cattle embraced in the account of sales as sold, not by weight, but at $10 per head, were not sold while the plaintiff was in Galveston, nor until after he left there, and no witness testified that the account of sales in that respect was correct, nor was there any other testimony as to how much the nine head of cattle were sold for. It is true, as stated by the judge in qualifying the bill of exceptions, that the plaintiff testified that the market value of the nine head of cattle on their arrival at Galveston was $10 per head, and that if they had been moved in reasonable time and been properly handled, they would have been worth $20 per head. But the plaintiff was an interested witness, and the jury was not compelled to accept his testimony as true, and as the item in the account of sales showing that the nine head of cattle were sold for $10 per head tended to corroborate the plaintiff's testimony as to their value, it was material and its admission can not be treated as harmless error. That it was error to admit that testimony seems manifest. The account of sales was not an instrument officially authenticated so as to render it admissible; and, insofar as the item referred to is concerned, it was not shown by the testimony of any witness to be correct.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*